DECISION AND JUDGMENT ENTRY
{¶ 1} Kevin R., the biological father of Aristotle R., appeals from a judgment issued by the Sandusky County Common Pleas Court, Juvenile Division, granting permanent custody of his son to the Sandusky County Department of Job and Family Services ("SCDJFS"). Because we conclude that the trial court acted properly when it allowed the testimony of Kevin's psychologist at the permanent custody hearing, we affirm.
 {¶ 2} In this case, which terminated the parental rights of Kevin R. and Susan R., SCDJFS was awarded permanent custody of Aristotle R., born in 2000. A permanent custody hearing was held over several days in 2002: May 20, 2002 through May 23, 2002 and September 9, 2002 through September 10, 2002. Of concern for this appeal was the testimony by Dr. Susan Casselman, Kevin's psychologist, on May 21, 2002. Kevin initially objected to Dr. Casselman's testimony on grounds of statutory privilege. The court overruled the objection, determining that the scope of Kevin's written waiver allowed the psychologist to testify. The court did not allow Kevin's attempt to orally revoke the waiver. On June 6, 2002, Kevin revoked the waiver of his statutory privilege in writing with Firelands Counseling and Recovery Services ("FCRS"), Dr. Casselman's employer. Dr. Casselman then would not produce any information concerning Kevin.
 {¶ 3} After the hearing, the juvenile court awarded permanent custody of Aristotle to SCDJFS. Kevin R. appeals that judgment and raises a sole assignment of error:
 {¶ 4} "The trial court committed prejudicial error by allowing Dr. Susan Casselman to testify as to privileged communication made to her by Appellant, in violation of the psychologist-client privilege set forth in Ohio Revised Code § 2317.02 and § 4732.19."
 {¶ 5} R.C. 4732.19 provides: "confidential communications between a licensed psychologist * * * and client are placed upon the same basis as those between physician and patient under division (B) of section 2317.02
of the Revised Code. Nothing in this chapter shall be construed to require any such privileged communication to be disclosed."
 {¶ 6} R.C. 2317.02(B)(1)(b) provides:
 {¶ 7} "A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 [2151.42.1] of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
 {¶ 8} "The testimonial privilege established under this divisiondoes not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances: * * * In anycivil action concerning court-ordered treatment or services received by apatient, if the court-ordered treatment or services were ordered as partof a case plan journalized under section 2151.412 [2151.41.2] of theRevised Code or the court-ordered treatment or services are necessary orrelevant to dependency, neglect, or abuse or temporary or permanentcustody proceedings under Chapter 2151. of the Revised Code." (Emphasis added.)
 {¶ 9} Here, the court ordered the parents to sign releases of information and ordered them to follow all recommendations of the therapist and psychological evaluation, when it journalized the case plan in its judgment entry.
 {¶ 10} Kevin's communications with Dr. Casselman are exempt under R.C. 2317.02(B)(1)(b) because "the court-ordered treatment or services were ordered as part of a case plan journalized under section 2151.412 [ 2151.41.2] of the Revised Code or the court-ordered treatment or services are necessary or relevant to dependency, neglect, or abuse or temporary or permanent custody proceedings under Chapter 2151. of the Revised Code." Both of these alternatives were present. The Ohio Supreme Court has confirmed that the legislature has exempted communications of the type we are addressing from the psychologist-patient privilege. See In reJones, 99 Ohio St.3d 203, 206, 2003-Ohio-3182, at fn.1.
 {¶ 11} Even if the privilege were to apply, both Dr. Casselman and Kevin agreed that a waiver had been signed. Dr. Casselman described the waiver as very wide in scope, being the standard waiver normally signed by those in Kevin's situation. See State v. Farthing, 146 Ohio App.3d 720,2001-Ohio-7077, at ¶ 25. R.C. 2317.02(B)(1) does not require the waiver to be in writing. Id. As his was a written waiver, however, Kevin properly revoked it in writing on June 6, 2002 with FCRS. After that point, the caseworker, Gabrielle Henry, testified that Dr. Casselman refused to release any of Kevin's information. As other courts have found, "the applicability of the psychologist-patient privilege turns upon whether a statutory waiver exception has been invoked." In the Matterof Kyle (Dec. 1, 2000), 11th Dist. No. 2000-P-0014. It is clear from the record that Kevin's waiver of statutory privilege was in effect when Dr. Casselman testified on May 21, 2002. The court acted properly when it allowed Dr. Casselman to do so.
 {¶ 12} Based upon the foregoing, Kevin's sole assignment of error is found not well-taken, and the judgment of the Sandusky County Court of Common Pleas, Juvenile Division is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Judith Ann Lanzinger, J., concur.